IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 1:15cr4 |
| | ) | **Electronic Filing** |
| MARCO ANTONIO MELCHOR | ) | |

## MEMORANDUM ORDER

AND NOW, this 15th day of September, 2015, upon due consideration of the Motion to Revoke Detention Order which the court has construed as an appeal of the order of detention entered on February 10, 2015, and the government's response thereto, and after a comprehensive review of the record, including the transcript from the detention hearing before Magistrate Judge Susan Paradise Baxter on February 10, 2015, the Court finds:

1. There is probable cause to believe that Defendant has violated 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(ii) and 846, and if convicted, is facing a mandatory minimum sentence of ten (10) years imprisonment and a maximum sentence of life imprisonment;

2. Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure . . . . the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq., . . . . See 18 U.S.C. § 3142(e)(1), (3)(A). The rebuttable presumption set forth in § 3142(e) applies in this instance;

3. If the defendant comes forward with some credible evidence to rebut the presumption, it does not disappear from the case. Instead, it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors identified in 18 U.S.C. § 3142(g). United States v. Chargra, et al., 850 F. Supp. 354, 358 (W.D. Pa. 1994) (citing United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986));

4. It is appropriate to consider the congressional findings that were made when the Bail Reform Act of 1984 was passed, which include:

    It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing or distributing

dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism.

Id. (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3203);

5. The breadth of the drug conspiracy charged and defendant's alleged role in the charged offense(s) also properly may be considered in assessing the likelihood of whether the defendant will fail to appear or poses a danger to the community. Id.;

6. Thus, violence is not the only danger to the community this Court must consider. The Court must also consider, whether, if released, Defendant is likely to traffic in illicit narcotics;

7. Magistrate Judge Baxter found:

 1) Defendant is charged with running a large cocaine distribution ring that spans the United States and into Mexico. The Government estimates that 150-250 Kilograms of cocaine have been delivered worth upwards of $4.8 million; 2) Defendant is also charged with a crime of violence and with money laundering; 3) Defendant has been under surveillance visually and electronically ordering specially equipped vehicles to transport the drugs and operating his two Mexican restaurants, one in Erie and one in Pittsburgh, as cover; 4) Defendant sent a picture of someone he claims was cooperating with a law enforcement investigation to a charged co-conspirator, by cellphone; and 5) A threat against at least one of the confidential witnesses has been made.

 The government reiterates each of these points in its brief in opposition;

8. While this court's review is *de novo*, a magistrate judge's decision and reasoning is to be given careful consideration where, as here, a transcript of the detention hearing has been filed into the record. United States v. Farris, 2008 WL 1944131 at *7 (W.D. Pa. May 1, 2008). Magistrate Judge Baxter's findings and reasoning are well supported by the record;

9. Defendant has presented little credible evidence that would allow this Court to find that he has met the burden necessary to rebut the statutory presumption of detention. The evidence from the hearing indicates that defendant played a significant role in a major cocaine distribution network. There is evidence that he used the restaurants he owns in Erie and Pittsburgh to conduct operations of the network. There also is evidence that defendant's family members were associated with and assisted defendant in carrying out the drug trafficking operations. Defendant seeks to be released into the same environment to work and reside under circumstances that are substantially similar to those that existed prior to defendant being charged and detained;

10. Even assuming defendant has rebutted the presumption, the record and congressional findings in combination show by clearing and convincing evidence that there is a danger that if released defendant will continue to engage in drug trafficking;

11. All of the factors set forth at 18 U.S.C. § 3142(g) weigh in favor of detention; and

12. In light of Defendant's background and the presumption/evidentiary finding set forth in § 3142(e), this Court concludes that there is no condition or set of conditions that, if imposed, would reasonably assure the safety of the community if Defendant were to be released pending trial.

Accordingly, IT IS ORDERED that [99] Defendant's motion to revoke/appeal of the detention order be, and the same hereby is, **DENIED**. Defendant shall be detained pending trial in accordance with the February 10, 2015, detention order entered by Magistrate Judge Susan Paradise Baxter.

                                              s/David Stewart Cercone
                                              David Stewart Cercone
                                              United States District Judge

cc:    Marshall J. Piccinini, AUSA
      Philip Freidman, Esquire

(*Via CM/ECF Electronic Filing*)